**UNITED STATES of America,**
**Plaintiff,**

**v.**

**BRANCH 36 NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL–CIO, John Doe, Richard Roe, Defendants.**

**No. 70 Civ. 1085.**

United States District Court,
S. D. New York.

March 24, 1970.

Whitney North Seymour, Jr., U. S. Atty., by Michael D. Hess, Richard S. Toder, and Peter Herbert, Asst. U. S. Attys., for plaintiff.

Abraham Schatzman, New York City, for Branch 36 and officers.

Gordon Ehrlich, and Gordon Lang, New York City, for rank and file membership.

## DECISION

FREDERICK VAN PELT BRYAN, District Judge.

At 12:01 A.M. on March 18, 1970, members of Branch 36, National Association of Letter Carriers, AFL-CIO, commenced a strike against the United States Post Office Department, an arm of the United States Government. At 2:40 P.M. on March 18, 1970 an order was duly issued by this Court enjoining Branch 36, its officers, agents, servants and employees and all postal employees (A) from in any manner continuing, encouraging, ordering, aiding, picketing, engaging in or taking part in a strike against the Post Office Department and (B) from in any manner interfering with or affecting the orderly continuance of the public service operations of said department. The Order of Injunction further directed Branch 36 and its officers and agents (A) to instruct, immediately, all its members to resume their normal employment in the Post Office Department and (B) to use their best efforts to see that such instructions were carried out.

Despite the terms of that order, the strike of the members of Branch 36 against the United States Government still continues. The United States has now applied for an order holding Branch 36 and Gustave J. Johnson, President, Herman D. Sandbank, Executive Vice President, and Robert H. Miller, Secretary, in contempt of this Court for the violation of the Order of Injunction issued on March 18, 1970.

At the outset it should be pointed out that:

1. The strike of the members of Branch 36 is forbidden by Federal law and is illegal.

2. Each postal employee is required to take and has taken a solemn oath that he will not strike against the United States Government. Each striker is directly violating that oath.

3. Under Federal law, a strike against the United States Government by the employees of one of its departments is made a crime. Each striker is subject to criminal prosecution for commission of a felony in violation of Federal law.

However, I do not deal with any of these three questions. Nor do I pass on or express any view on the merits of the controversy between the postal employees and the Post Office Department which

led to this strike. I deal solely with the question of violation of the Order of Injunction issued by this Court on March 18, 1970.

The strike of the members of Branch 36, National Association of Letter Carriers, AFL-CIO, which commenced on March 18, 1970 has continued from day to day and is still continuing. Branch 36 and its officers and members had full and timely notice of the Order of Injunction of this Court of March 18, 1970. This strike has caused and will continue to cause irreparable harm and damage to the Government and citizens of the United States.

■ It has been established before me by clear and convincing evidence that Branch 36 has been since 2:40 P.M. on March 18, 1970, and now is, in direct and flagrant violation of the order of this Court issued at that time. I find, therefore, that Branch 36 is in contempt of this Court and its said Order.

In order to secure compliance of Branch 36 with the Order of Injunction of this Court of March 18, 1970, the following fines are hereby imposed on Branch 36, conditioned as follows:

In the event that the strike is not terminated by 5:00 P.M. on March 25, 1970, a fine of $10,000.

In the event that the strike is not terminated by 5:00 P.M. on March 26, 1970, an additional fine of $20,000.

In the event that the strike is not terminated by 5:00 P.M. on March 27, 1970, an additional fine of $30,000.

In the event that the strike is not terminated by 5:00 P.M. on March 28, 1970, an additional fine of $40,000.

In the event the strike is not terminated by 5:00 P.M. on March 29, 1970, an additional fine of $50,000.

· In the event that the strike is not terminated by 12 Noon on March 30, 1970, plaintiff may apply to the Court for such further relief as may be appropriate in the premises.

■ Gustave J. Johnson is the President of Branch 36. It has been estab-lished by clear and convincing evidence that he failed to comply with the order of this Court of March 18, 1970 in that (1) he failed to instruct the membership of Branch 36 to return to normal employment in the Post Office Department and (2) by his words and actions he encouraged the continuance of the strike by the membership of Branch 36. I therefore find that Gustave J. Johnson is in contempt of this Court and of its Order of March 18, 1970.

To secure the compliance of Gustave J. Johnson with the Order of Injunction of this Court, fines are hereby imposed upon him, conditioned as follows:

In the event that he has failed to comply with the Order of March 18, 1970 by 5:00 P.M. on March 25, 1970, a fine of $500.

In the event he has failed to comply with such Order by 5:00 on March 26, 1970, an additional fine of $500.

In the event he has failed to comply with such Order by 5:00 P.M. on March 27, 1970, an additional fine of $500.

In the event that he has failed to comply with such Order by 5:00 P.M. on March 28, 1970, an additional fine of $500.

In the event that he has failed to comply with such Order by 5:00 P.M. on March 29, 1970, an additional fine of $500.

In the event that he has failed to comply with such Order by 12 Noon on March 30, 1970, plaintiff may apply to the Court for such further relief as may be appropriate in the premises.

■ The Government has failed to establish by clear and convincing evidence that Herman D. Sandbank and Robert H. Miller have failed to comply with the Order of Injunction of March 18, 1970.

The foregoing constitute my findings of fact and conclusions of law on this application.

It is so ordered pending the submission by the plaintiff of a formal order embodying this decision.